# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VICTOR ROBERT BROWN,**

    Plaintiff,

v.                                                         **Case No. 18-CV-1913**

**LT RETZLAFF,**
**CAPT SWIEKATOWSKI, and**
**JOHN DOES,**

    Defendants.

## ORDER

Plaintiff Victor Robert Brown, a pro se inmate at Green Bay Correctional Institution (GBCI), filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights by failing to timely respond to his expressed desire to self-harm. (ECF No. 1.) He also filed a motion for leave to proceed without prepaying the filing fee (ECF No. 2), a motion for order in which he asks the court to order the GBCI business office to send the court his certified trust account statement (ECF No. 3), a motion for an extension of time (ECF no. 8), and a motion to appoint counsel (ECF No. 4).

The court has jurisdiction to resolve Brown's motions and to screen his complaint in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the

Wisconsin Department of Justice and this court.

1. **Motion to Proceed without Prepayment of the Filing Fee, Motion for Order, and Motion for Extension of Time**

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee if they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee assessed based on the court's review of the prisoner's trust account statement. On December 20, 2018, after reviewing Brown's submitted trust account statements and finding that he lacked the financial resources to pay an initial partial filing fee, the court waived that fee. (ECF No. 12.) To that end, the court will grant Brown's motion to proceed without prepaying the filing fee, deny as moot his motion for an order requiring GBCI to send his certified trust account statements, and deny as moot his motion for an extension of time to submit his certified trust account statement. He will be required to pay the $350 filing fee over time in the manner described at the end of this Order.

2. **Screening of the Complaint**

The court is required to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter,

accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.1 Allegations in the Complaint

Brown alleges that on March 18, 2017, he was housed in the restrictive housing unit (RHU) of GBCI. (ECF No. 1 at 2.) During medication pass out for that unit, Brown states that two John Doe correctional officers came to his cell to give him his medication. Brown says he told them he "was suicidal and wanted to engage in self-harm." (*Id.*) The John Doe correctional officer that was not actively passing out medication responded, "okay," and both officers walked away. (*Id.*)

Brown states that he waited "for as long as he could…for about a half an hour." (ECF No. 1 at 3.) He then pressed his emergency call button but received no response. Brown asserts that after about another "five to seven minutes" he cut himself with a piece of razor he had found. (*Id.*) He states he later told the "[John Doe] correctional officer and others that he used a pen-insert." (*Id.* at 3-4.) He alleges that he continued to cut himself on both of his arms for about twenty to thirty minutes. (*Id.* at 3.)

At some point the John Doe correctional officer who had been actively distributing medication came back to Brown's cell. (ECF No. 1 at 3.) Brown "spoke to him explaining the situation." (*Id.*) The John Doe correctional officer allegedly responded that the other John Doe correctional officer "was a 'dumbass' apparently for not doing anything when [Brown] originally said something." (*Id.*) He was also allegedly upset that he now had to deal with Brown. (*Id.*)

Brown seeks injunctive relief and compensatory and punitive damages. (ECF No. 1 at 5.) He also includes in his complaint a request for preliminary injunctive relief. (*Id.* at 5-6.)

### 2.2 Analysis

As a preliminary matter, the court notes that Brown has named Lieutenant Retzlaff and Captain Swiekatowski as defendants but does not allege that they did anything in violation of his constitutional rights. To state a claim against a person under § 1983, the plaintiff must allege that the person was personally responsible for a constitutional deprivation. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614-15 (7th Cir. 2002); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only

persons who cause or participate in the violations are responsible."). Section 1983 does not provide for any supervisory liability, collective liability or vicarious liability. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). In other words, there is no liability unless the defendant is personally involved in the violation of plaintiff's rights. *See Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003). Therefore, the court will dismiss Lieutenant Retzlaff and Captain Swiekatowski as defendants.

Turning to Brown's substantive claims, "[t]he Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (quoting *Rodriguez v. Plymouth Ambulance Srv.*, 577 F.3d 816, 828 (7th Cir. 2009)). If prison officials are "deliberately indifferent to prisoners' serious medical needs," *id.*, or "act with 'deliberate indifference' to a substantial risk of serious harm to an inmate['s]" health or safety, *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citation omitted), they violate the Constitution. To prevail on an Eighth Amendment claim of deliberate indifference, a prisoner "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' – i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–53 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

Suicide, attempted suicide and other acts of self-harm clearly pose a "serious" risk to an inmate's health and safety. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir.2001)). Additionally, "prison officials have an obligation to intervene when they know a prisoner suffers from self-destructive tendencies." *Rice ex rel. Rice v. Correctional Medical Servs.*, 675 F.3d 650, 665 (7th Cir.2012).

Brown alleges that he informed the two John Doe correctional officers of his suicidal thoughts and desire to self-harm. These officers effectively ignored his statements. Only after Brown cut himself did one of the John Doe correctional officers return and assist Brown. Therefore, at this stage, Brown has sufficiently alleged and may proceed with an Eighth Amendment claim of deliberate indifference against the John Doe correctional officers.

Because Brown does not know the name of the John Doe correctional officers, the court will add Interim Warden Bill Pollard as a defendant for the limited purpose of helping Brown identify the names of the Doe defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The court will serve Warden Pollard with Brown's complaint and a copy of this order. Warden Pollard does not have to respond to Brown's complaint. After Warden Pollard's attorney files an appearance, Brown may serve discovery upon Warden Pollard (by mailing it to his attorney at the address in his attorney's notice of appearance) to get information that will help him identify the names of the two Doe defendants.

For example, Brown may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because Brown has not stated a claim against Warden Pollard, his discovery requests must be limited to gathering information or documents that will help him learn the names of the correctional officers he is suing. Brown many not ask Warden Pollard about any other topic, and Warden Pollard is under no obligation to respond to requests about any other topic.

After Brown identifies the names of the Doe defendants, he must file a motion to substitute their names for the Doe placeholders. The court will dismiss Warden Pollard as a defendant once Brown identifies the names of the Doe defendants. Once Brown identifies the Doe defendants and they have had an opportunity to respond to Brown's complaint, the court will set a deadline for all other discovery. At that point, Brown may use discovery to get the information that he believes he needs to prove his claims.

Brown must identify the names of the Doe defendants within forty-five days of Warden Pollard's attorney filing an appearance, or Brown must file a letter explaining why he is unable to identify them. If Brown does not do either of these things, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

Regarding Brown's request for preliminary injunctive relief, the court will deny it at this time. To proceed with such a request, Brown must file a separate Motion for

Preliminary Injunction pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

### 3. Motion to Appoint Counsel

Brown has asked that the court appoint counsel to represent him. (ECF No. 4.) He states that he is a clinically diagnosed mentally ill inmate whose frequent placement on suicide observation prevents him from meeting court deadlines. (*Id.* at 1.) He asserts that he relies entirely on his friend, Jihad, "to do and write all [his] legal work." (*Id.*) He states that Jihad will be leaving soon. (*Id.* at 2.) Brown also says that his financial instability prevents him from producing any records or reports from GBCI, that he has attempted to secure counsel on his own but has not received any response, and that he believes the complexity of this case warrants the appointment of counsel. (*Id.*)

In a civil case, the court has discretion to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). The litigant must first make reasonable efforts to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Once the plaintiff shows that he has done so, the court then decides "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). The court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.* "[D]eciding whether to recruit counsel 'is a difficult

8

decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

The court is satisfied that Brown has made reasonable attempts to secure counsel on his own. However, it will not at this time recruit counsel to represent Brown. The court must "'specifically examine[]' [Brown's] 'personal ability to litigate the case, versus the ability of the 'jailhouse lawyer' who assisted the plaintiff" to determine whether the recruitment of counsel is appropriate. *McCaa v. Hamilton*, 893 F.3d 1027, 1033 (7th Cir. 2018) (quoting *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014)).

Brown says his reliance on Jihad is mainly due to his frequent placement on suicide observation, which causes him to miss court deadlines. Such an issue, however, is not enough to warrant the court's recruitment of counsel to represent Brown. *See Brown v. Schrubbe*, No. 10-CV-129-BBC, 2010 WL 3666993, at *11 (W.D. Wis. Sept. 15, 2010) (noting that the appointment of counsel is not warranted when a plaintiff only needs to seek an extension of time to meet court deadlines). If Brown requires more time to meet a deadline, he need only timely request an extension from the court.

Additionally, the court has only now screened Brown's complaint. Once Warden Pollard is served with the complaint and his attorney files an appearance, Brown can conduct discovery to identify the Doe defendants as instructed. After they

9

are identified, served with the complaint, and have filed an answer, the court will enter a scheduling order setting a deadline for all other discovery. As previously discussed, it is during this discovery stage that Brown may send the defendants written questions (interrogatories) and ask them to produce documents that he believes support his version of the events. *See* Fed. R. Civ. P. 33, 34. The court will also include a deadline for the parties to file dispositive motions (such as a motion for summary judgment) in the scheduling order. If the defendants file such a motion, Brown must respond by telling his version of the events. He may support his side of the story with an unsworn declaration pursuant to 28 U.S.C. §1746 and any documents or information he obtains in discovery.

Nearly all prisoner plaintiffs represent themselves, and nearly all would prefer (and benefit from) the assistance of counsel. The court simply does not have the resources to pay lawyers to represent everyone who asks, and there are not enough volunteer lawyers to provide counsel for everyone who asks. This means that the court will recruit counsel only in those cases where the issues have become so complicated that the plaintiff cannot explain them himself. The court does not believe those circumstances are currently present in this case. If things change and Brown believes that he can no longer adequately represent himself, he may renew his request that the court recruit counsel to represent him.

4. **Conclusion**

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS ALSO ORDERED** that Brown's motion for order (ECF No. 3) is **DENIED as moot**.

**IT IS ALSO ORDERED** that Brown's motion for an extension (ECF No. 8) is **DENIED as moot**.

**IT IS ALSO ORDERED** that Brown's motion to appoint counsel (ECF No. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Lt Retzlaff and Capt. Swiekatowski are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that Interim Warden Bill Pollard is **ADDED** as a defendant.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Brown's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Warden Pollard.

**IT IS FURTHER ORDERED** that Warden Pollard does not have to respond to Brown's complaint; however, he must respond to Brown's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that Brown must identify the John Doe defendants' real names within forty-five days of Warden Pollard's attorney filing a notice of appearance. If he does not do so, or does not explain to the court why he is unable to identify their real names, the court may dismiss this case based on his failure to diligently pursue it. Civil L.R. 41(c).

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution (county, state, or federal), the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS FURTHER ORDERED** that the parties may not begin other discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Brown shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Brown is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court further advises Brown that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 15th day of January, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge